Jones, Judge:
The claimant, Bache & Co., Incorporated, filed its claim in this Court on February 29, 1968, for Business and Occupation taxes erroneously paid to the State Tax Commissioner of West Virginia for fiscal years ending January 31, 1957 through 1964. Such overpayments were made on the mistaken belief that interest income from loans made to West Virginia customers was subject to tax, whereas such income was not taxable. The *169 cumulative error was discovered by a Field Auditor for the State Tax Commissioner during the course of an audit for the years 1963 to 1967: Pursuant to the results of said audit, taxes in the total amount of $5,295.46 for the fiscal years ending in 1965, 1966 and 1967 were refunded to the claimant. Overpay-ments in the years 1963 and 1964 were calculated by the Field Auditor as $1,674.74 and $2,108.73, respectively, a total of $3,783.47, and this amount was not refunded for the reason that the recovery thereof was barred by the statute of limitations. The State Tax Commissioner did not have records for prior years but, based on its own records, the claimant claims an additional $5,008.56 for overpayments of tax for the years 1957 to 1962, the recovery of which is also barred by the statute of limitations. The claimant contends that the State has been unjustly enriched, and has a moral obligation to refund the over-payments in the total amount of $8,792.03.
Chapter 11, Article 1, Section 2a of the Code of West Virginia was amended in 1967, but the statute applicable to the years in question provides as follows:
“On and after the effective date of this section [June 8,1951], any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this State, may within three years from the date of such payment, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any part thereof was improperly required, he shall refund the same to the taxpayer***”.
The Act creating the Court of Claims (Chapter 14, Article 2 of the Code of West Virginia) provides in Section 21 thereof the following:
“The Court shall not take jurisdiction of any claim, whether accruing before or after the effective date of this article, unless notice of such claim be filed with the clerk within such period of limitation as would be applicable under article two, chapter fifty-five of the code of West Virginia, one thousand nine hundred thirty-one, as amended, if the claim were against a private *170 person, firm or corporation and the constitutional immunity of the state from suit were not involved;***”.
While the foregoing provision refers only to periods of limitation applicable under Article 2, Chapter 55 of the Code of West Virginia, the Court perceives the intention of the Legislature to be that claims against the State should not be allowed in any case where the Legislature has decreed that such claims shall be barred, after a specified time. To allow this claim would constitute an invasion of the province of the Legislature, and would, in effect, set aside the legislative will. The Court is of opinion that equity and good conscience do not require the relief prayed for in this case and, accordingly, the claim is disallowed.